IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREENSPAN,<br><br>       Plaintiff,<br><br>  v.<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP, et al.,<br><br>       Defendants.<br>_____ | No. C 09-4256 CRB<br><br>*and related case*<br><br>No. C 09-4257 CRB<br><br>**ORDER DENYING LEAVE TO APPEAL** |
| GREENSPAN,<br><br>       Plaintiff,<br><br>  v.<br><br>DORSEY & WHITNEY LLP, et al.<br><br>       Defendants<br>_____/ | |

     Defendants in the above-entitled adversary actions seek leave to file interlocutory appeals before this Court. Defendant Orrick filed its notice of appeal on September 15, 2009. Doc. 1. However, apparently because of ongoing motions in the bankruptcy court, this Court did not receive the bankruptcy record until June 14, 2010. Doc. 5. Similarly, Defendant Dorsey & Whitney filed its notice of appeal on September 15, 2009, and this Court received the bankruptcy record on June 11, 2010. Docs. 1, 13. The moving parties in

both cases will be referred to collectively as "Defendants."

Both Defendants appeal on the same grounds. They argue that the bankruptcy court erred in granting the Trustee's motions for summary judgment and denying theirs. The primary substantive dispute concerns whether a cause of action for fraudulent transfer could be stated as to Defendants because of modifications made to Brobeck's partnership agreement on the eve of its declaration of bankruptcy. The bankruptcy judge determined on summary judgment that Defendants were in fact liable. Defendants now move for an interlocutory appeal.

In considering motions for leave to appeal, district courts look to the standards set forth in 28 U.S.C. § 1292, which governs interlocutory appeals from the district courts to the circuit courts. Section 1292(b) permits certification where the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." Cf. In re Roderick Timber Co., 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995).

Defendants pay short shrift to this standard in their motion for leave to appeal, focusing instead on whether the issues are important and whether they believe bankruptcy judge made a mistake. In so doing, they fail to establish that an interlocutory appeal would be proper. Indeed, many parties against whom summary judgment is granted believe the judge made a mistake, and likely also believe that the issue at stake is important. Given the fact that interlocutory appeals are intended to be rare and used only in "exceptional circumstances," this cannot suffice to meet the standard. See In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

This Court cannot conclude based upon the papers now before it that "there is substantial ground for difference of opinion." For instance, Defendants fail to cite to analogous case law indicating that other bankruptcy judges have come to different conclusions. Such case law could reflect "substantial ground for difference of opinion." See, e.g., Roderick, 185 B.R. at 604. In this case, however, the parties appear to be in agreement that the issue is one of first impression, which by definition cannot be subject to a split in the

2

case law.  Defendants suggest instead that precisely because the issue in question is novel and complex, a substantial ground for difference of opinion exists.  However, novelty on its own is insufficient.  See, e.g., Stuart v. RadioShack Corp., 2009 U.S. Dist. LEXIS 57963, at *6 (N.D. Cal. June 25, 2009).  As in Stuart, Defendants have failed to go beyond the issue of novelty and make a showing that a substantial ground for difference of opinion exists.  And again as in Stuart, Defendants also fail to address in their papers arguments accepted by the bankruptcy judge as convincing.  In light of this failure, they have failed to making a showing that, as to those arguments, a substantial ground for difference of opinion exists.

In closing, this Court further notes that it appears to be legally possible that Defendants will ultimately be found not to owe the Trustee anything.  Therefore, rather than concluding that an interlocutory appeal would "materially advance the ultimate termination of the litigation," this Court concludes that an interlocutory appeal may in fact delay that termination.  Similarly, because of this possibility, this Court suspects that the issue presented for appeal may not in fact control the outcome.

For these reasons, Defendants' motions for leave to appeal are DENIED.

**IT IS SO ORDERED.**

Dated: September 1, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE